877 F.2d 60
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Daniel R. TINSLEY, Plaintiff-Appellant,
v.
Toni V. BAIR, David A. Williams, Randall B. Kahelski, E.R.
Moody, Hunt, Correctional Officer, Meadon,
Correctional Officer, Defendants-Appellees.
 No. 89-7527.
 United States Court of Appeals, Fourth Circuit.
 Submitted May 19, 1989.
Decided June 12, 1989.
 
 Daniel R. Tinsley, appellant pro se.
 Before DONALD RUSSELL, MURNAGHAN, and CHAPMAN, Circuit Judges.
 PER CURIAM:
 
 
 1
 The district court determined that Daniel Tinsley's 42 U.S.C. Sec. 1983 complaint was frivolous and dismissed the action pursuant to 28 U.S.C. Sec. 1915(d). Tinsley did not appeal the November 23, 1988, order within the time period set forth in Fed.R.App.P. 4.
 
 
 2
 On January 6, 1989, the district court filed a second order stating that the action was dismissed for the reasons set forth in the memorandum opinion of November 23. The order also provisionally granted in forma pauperis status to Tinsley. A footnote indicates that in the earlier order the court had inadvertently omitted that the "complaint was to be filed in forma pauperis." Tinsley timely noted his appeal of the January 6 order.
 
 
 3
 The second order was entered pursuant to Fed.R.Civ.P. 60(a). Entry of such an order does not afford a party a second chance to appeal the underlying judgment if the time for appealing that judgment has expired. Rather, a timely notice of appeal from a Rule 60(a) order brings before the reviewing court only the propriety of the district court's decision to correct a judgment or order. 11 C. Wright and A. Miller, Federal Practice and Procedure, Sec. 2871 (1973 and Supp.1988).
 
 
 4
 Tinsley's attempt to bring the merits of his case before us fails. He did not appeal the original order within the appropriate time period and therefore has forfeited his right to review of that order. We therefore are without jurisdiction to address the merits of his appeal.
 
 
 5
 Entry of the amended order was not an abuse of discretion. The memorandum opinion of November 23 makes clear, by its reliance on 28 U.S.C. Sec. 1915(d) and Boyce v. Alizaduh, 595 F.2d 948 (4th Cir.1979), that the court intended to grant pauper status to Tinsley. Additionally, in the January 6 order the court explicitly states that it inadvertently did not rule on Tinsley's motion to proceed in forma pauperis. We therefore affirm the district court's decision to correct its order pursuant to Fed.R.Civ.P. 60(a).
 
 
 6
 As the dispositive issues recently have been decided authoritatively, we dispense with oral argument.
 
 
 7
 AFFIRMED.